## HUSTON et al. v. THROCKMORTON COUNTY.

### No. 2676.

Court of Civil Appeals of Texas. Eastland.

Nov. 19, 1948.

388

L. H. Welch, of Breckenridge, for appellants.

D. D. Williams, of Throckmorton, and Tom Davis and Ratliff & Ratliff, all of Haskell, for appellee.

GRISSOM, Chief Justice.

Throckmorton County sought to enjoin Mrs. Della Huston and husband from closing a road across her ranch. The County alleged that in 1938, Mrs. Huston owned a ranch in Throckmorton County; that by acts, words, conduct and declarations she dedicated a strip of land across her ranch for use as a public road; that, relying on her actions, the County, with her knowledge and consent, entered upon said land and laid out and graded a road at the County's expense for the use and benefit of the public; that for several years the public continuously traveled said road with her knowledge and consent and the County, with her knowledge and consent, continued to maintain said road at its expense for the benefit of the public; that, notwithstanding said dedication, the Hustons, in December, 1947, locked a gate and barred a cattle guard on said road and thereby prevented its use by the public; wherefore, the County sought an injunction restraining them from closing the road and commanding them to remove the locks and barricades.

Upon a hearing, a temporary injunction was granted "in order to maintain the status quo of said road as it existed prior to the 23rd day of December, A. D., 1947 * * *" The court found that Mrs. Huston dedicated the strip as a public road; that Throckmorton County, with her knowledge and consent, entered upon said land, laid out, opened and graded the road at its expense for the use of the public, accepted said dedication, and continued thereafter to keep up said road and same was continuously used by the public until it was closed by the Hustons. The Hustons have appealed.

Appellants contend that said findings are not supported by evidence. We think the findings have support in the testimony. It supports the Court's exercise of discretion. See 24 Tex.Jur. 314. The evidence was sufficient to sustain a conclusion that the acts and declarations of the landowner showed a present fixed purpose to dedicate such a road, coupled with use by the public, and, therefore, sufficient to show a dedication of the road for the purpose for which it was used. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 480; 14 Tex.Jur. 694, 697.

"The fact that the owner of land without objection permits the public au-

thorities to grade, repair or otherwise improve a way over his property, in virtue of their control over public streets and highways, is cogent evidence that he intended to dedicate the way to the public." 14 Tex.Jur. 708. See also Surface v. Atascosa County, Tex.Civ.App., 244 S.W. 591; Texas & N. O. Ry. Co. v. Sutor, 56 Tex. 496; Tribble v. Dallas Ry. & Terminal Co., Tex.Civ.App., 13 S.W.2d 933.

In view of the possibility of another trial to determine whether or not the injunction should be made permanent, we do not deem it advisable to discuss the evidence in detail. The question is whether the trial court abused its discretion in entering the order appealed from., 24 Tex.Jur. 121. Such an order will be reversed only when a clear abuse of discretion is shown.

" * * * if the order was based upon conflicting evidence * * * it will not be disturbed. The evidence is not reviewed for sufficiency as it would be upon appeal from a final judgment, but only to see if it supports the court's exercise of discretion." 24 Tex.Jur. 314.

"The propriety of the temporary injunction is not dependent upon the ultimate merits of the controversy regarding the existence vel non of the easement. What is involved in an appeal from a pendente lite injunctive order is whether the trial judge abused his discretion in preserving the status quo as of the date the controversy arose. In the present instance that date was immediately preceding the time the gates were locked. That issue is dependent upon whether there was a bona fide dispute as to the existence of the easement asserted by plaintiffs; and whether the injunctive relief was essential to preserve the continued exercise of that right pending adjudication of the controversy over the legal existence of the right. See Vinson v. Winters, Tex. Civ.App., 178 S.W.2d 142, and Burke v. Shafer, Tex.Civ.App., 189 S.W.2d 444, error refused, W.M., and authorities therein cited." Carleton v. Dierks, Tex.Civ. App., 195 S.W.2d 834, 836.

The question has arisen as to whether Mrs. Huston is bound by the alleged dedi-cation, since she was married to Mr. McWhorter at the time and did not execute a written instrument in which she was joined by him. In City of San Antonio v. Grandjean, supra, it was held that even if it should be held that a married woman could not make a valid dedication without joinder by her husband, that her acts, after becoming sui juris, in allowing the authorities to improve and maintain the road at their expense, would estop her to deny the dedication. However, if this question should be controlling, it is material chiefly upon a trial on the merits. The propriety of issuing a temporary injunction is not dependent upon the ultimate merits of the controversy as to the existence of the easement. The question now is whether the evidence disclosed a bona fide dispute as to the existence of the easement. Such a dispute is sufficient to justify the court in exercising its discretion to preserve the status quo pending a final determination on the merits.

Appellants' points have been considered and are overruled.

The judgment is affirmed.