CITY OF CORPUS CHRISTI V. J. W. ALLEN,
D. B. A. CITY AUTO PARTS ET AL.

No. A-3636.  Decided January 14, 1953.
Rehearing Overruled March 4, 1953.
(254 S.W. 2d Series 759)

*I. M. Singer,* City Attorney, and *William R. Anderson, Jr.,* Assistant City Attorney, of Corpus Christi, petitioner.

The Court of Civil Appeals erred in holding that a zoning ordinance containing a provision for "noncomforming uses" was unconstitutional and not effective in requiring the discontinuance of the use of vacant land for a forbidden purpose, though the use was in existence at the time of the adoption of such ordinance. Forwood v. City of Taylor, 147 Texas 161, 214 S.W. 2d 282; Jones v. City of Los Angeles, 211 Calif., 304, 295 Pac. 14; Standard Oil Co. v. City of Tallahasee, 183 Fed 2d 410.

*John J. Pichinson* and *Norman L. Utter,* of Corpus Christi, for respondent.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This cause is a consolidation of four suits filed by the City of Corpus Christi, petitioner, against four different defendants, J. W. Allen et al., respondents, seeking to enjoin each (1) from operating an automobile wrecking yard contrary to the provisions of petitioner's zoning ordinance and (2) from operating such yard upon the public sidewalks and street surrounding the yard.

Upon a stipulation of facts, the trial court granted a permanent injunction as prayed by petitioner.

The Court of Civil Appeals reversed the trial court and dissolved the injunction to the extent that it restrained each respondent from operating a wrecking yard but left it undisturbed in so far as it enjoined each "from trespassing and encroaching upon the sidewalks, public easements and public street areas adjacent to" his place of business. 247 S. W. 2d 130. Its action in the latter respect is not complained of here.

Under authority of Arts. 1011a, et seq., Vern. Anno. Civ. Stats, petitioner passed its first comprehensive zoning ordinance on Aug. 27, 1937, which is amended by ordinances passed on Sept. 5, 1939, March 5, 1942, May 15, 1945, and May 4, 1948. This last ordinance is the one involved in this case.

The parties agree that the uses which respondents were making of their several properties when this suit was filed and which petitioner seeks to enjoin under the ordinance of May 4, 1948, are the same uses which were being made of such proper-

ties prior to the passage of petitioner's original ordinance on Aug. 27, 1937, and that "such uses of the property has been continued, uninterrupted and unextended since that time."

Each respondent owns lots on Agnes Street, in Corpus Christi, on which he maintains an open-air storage yard and operates his business " by purchasing wrecked or partially worn out automobiles, which due to their condition are unusable as automobiles and placing them in this unusable condition on these premises in question. Various parts anticipated as being usable are from time to time removed from said vehicles. This would include such items as batteries, tires, radiator grills, chrome trim, carburetors, electrical equipment, wheels and any other part which might be usable on a similar make or model or for some other purpose. These used parts are offered for sale to local garages or to any member of the public who may be an interested buyer. This removal of parts is not done at once, but takes place from time to time as buyers may appear. After all usable parts are removed from the vehicle, the remnant is removed from the property. No scrap paper or rags or other scap material unrelated to automobiles are handled on defendant's premises. In addition to sales from automobiles, defendants also placed on display at the front of the structure erected on the premises various items such as hub caps and radiator grills for sale. Defendant's yards at present are occupied with automobiles and other motor vehicles in various stages of dismantling with parts of said automobiles lying in various parts of the yard." On the lots so used by him each respondent has a building which he uses as an office and for other purposes related to his business. The four businesses involved are close together in a comparatively small area on Agnes Street, at Nos. 2224, 2306, 2317 and 2523, respectively.

Under the ordinance in question, the area in which respondents have their businesses is designated as a light industrial district, whereas the ordinance prescribes that automobile salvage or wrecking yards shall be operated only in a heavy industrial district.

Therefore respondents' businesses became what is described in the ordinance as a "non-conforming use." The provisions of the ordinance relating to non-conforming use are Sections 1, 2 and 8, of Art. 21. They read as follows:

"Section 1. Non conforming use of land. The non conforming use of land where no building is involved existing at the time

of the passage of this Ordinance may be continued for a period of not more than two years from the date of the passage of this ordinance provided that no such non conforming use of land shall in any way be expanded or extended either on the same or adjoining property and that if such non conforming use of land or any portion thereof is discontinued or changed, any future use of such land shall be inconformity with regulations of the district in which it lies.

"Section 2. Non conforming use of Buildings. Except as otherwise provided in this Article, the non conforming use of a building existing at the time this ordinance becomes effective may be continued, and the use of a non conforming use of the same or more restricted classification, but where such use is changed to a more restricted classification it shall not thereafter be changed back to a use of a less restricted classification.

"* * * *

"Section 8. The following uses now in existence and not in strict conformity with the provisions of the district in which it is located are hereby prohibited and such uses now in existence in the City of Corpus Christi shall be altered, replaced or removed to conform to the provisions of this ordinance on or before the dates shown in the following schedule: * * * Automobile wrecking Yard (Jan. 1, 1950) * * *."

Section 1 deals with non-conforming use of land *where no building is involved.* Under the stipulation, each respondent is using a building on his lots in promoting his non-conforming use of the land; and that the trial court exempted the buildings from his injunction cannot alter the fact that such buildings are being so used.

While Section 2 is immaterial because respondents' use of their buildings is not covered by the injunction, their non-conforming use would seem to be limited by the phrase "except as otherwise provided in this Article," which necessarily refers to the provisions of Section 8.

Sections 1 and 2 being inapplicable petitioner's injunction must stand or fall under Section 8.

Respondents contend and the Court of Civil Appeals held that "to order a prior existing non-conforming business to move or go out of business is unreasonable and would be taking a person's property without due process of law and without com-

pensation, in violation of the State Constitution, Sec. 17 of Art. I." Our problem is to determine the correctness of that proposition, under the record before us.

We held in Lombardo v. City of Dallas et al., 124 Texas 1, 73 S. W. 2d. 475, that cities can establish zoning districts under the police power to safeguard the health, comfort and general welfare of their citizens; that this power, however, is not an arbitrary one, hence our courts must determine whether zoning ordinances constitute a *reasonable exercise* of that power. See, also, Houston etc. Ry. Co. v. City of Dallas, 98 Texas, 396, 84 S. W. 648, 70 L.R.A. 850.

Much the same thought as to reasonableness is expressed in Art. 1011c, supra, authorizing zoning, in the following provision: "* * * Such regulations (zoning) shall be made with *reasonable consideration,* among other things, *to the character of the district and its peculiar suitability for particular uses,* and *with a view to conserving the value of buildings* and encouraging *the most appropriate use of land throughout the municipality * * *."* (Italics ours.)

With respect to zoning ordinances which attempt a retroactive effect, as petitioner's ordinance does here, it is said: "As a general rule, the restrictions of a zoning ordinance or regulations may not be made retroactive. such regulations must relate to the future rather than to existing buildings and uses of land, and ordinarily they may not operate to remove existing buildings and uses not in conformity with the restrictions applicable to the district, at least where such buildings and uses are not nuisances and their removal is not justified as promoting the public health, morals, safety, or welfare." 62 C.J.S., Municipal Corporations, Sec. 226 (6)h, p. 440. And see McQuillin on Municipal Corporations (3rd. Ed.), Vol. 8, Sec. 25.181, quoted by the Court of Civil Appeals, 247 S. W. 2d., at page 132.

Since the non-conforming uses here sought to be enjoined are not shown to constitute nuisances, and do not appear to be harmful in any way to public health, safety, morals, or welfare, we conclude that to invoke petitioner's ordinance to compel respondents to cease operating their businesses or to move them to another district would be an unreasonable exercise of petitioner's police power and would constitute a taking of their property in violation of Art. I, Sec. 17, of the Constitution of Texas. We hold that to exercise the power attempted here would

142

be unreasonable because any benefit to petitioner by its exercise would undoubtedly be relatively very small; respondents would be forced to move from a "light" industrial district, where adjoining uses, admittedly legal, such as second-hand furniture stores, garages and the like, are not substantially out of harmony with, or different from, the uses petitioner would force respondents to quit; all respondents operate on Agnes Street and fairly close together so that the burden, if any, of their businesses is confined to a small area while the amount of property in use there is relatively large. Our conclusion is not to be construed as a holding that the ordinance in question may not, under other circumstances, he invoked to terminate a nonconforming use, not a nuisance nor injurious to the public health, morals, safety or welfare.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 14, 1953.

Associate Justice Culver not sitting.

Rehearing overruled March 4, 1953.