Herbert W. BREHMER, Appellant,

v.

CITY of KERRVILLE et al., Appellees.

No. 13415.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 21, 1959.

**194**

Morriss, Morriss, Boatwright & Lewis, San Antonio, Darrell G. Lochte, Kerrville, for appellant.

Clifford O. Lawrence, Joseph F. Leonard, Jr., Kerrville, M. E. Blackburn, Junction, for appellees.

BARROW, Justice.

This is a suit in the nature of a declaratory judgment action originally brought by Herbert W. Brehmer against the City of Kerrville to declare invalid a certain zoning ordinance as it applied to his property. L. B. Hough, Jr., J. D. Mahaffey, Grace Culver and Gladys Culver voluntarily intervened in the original action, and plaintiff sought relief against the interveners by a cross-action to declare invalid and unenforceable certain use restrictions relating to plaintiff's property. The original suit against the City of Kerrville grew out of the refusal of the City Council to amend the zoning ordinance of the City of Kerrville from "A" (residential) to "C" (limited commercial) zone as related to plaintiff's property. The findings of fact and the evidence in the case reflect that Westland Place Addition, of which Brehmer's property is a part, was originally subdivided by a partnership composed of E. Galbreith, J. L. Pampell, W. A. Fawcett, E. H. Prescott, and Hal Peterson; that all of the foregoing persons except E. H. Prescott, for whom one Charley Peterson was substituted, formed a corporation, which corporation succeeded to the rights of the partnership in the subdivision, and that upon the dissolution of the corporation the remaining Westland Place Addition properties were sold to various strangers or divided among such stockholders. No persons other than the five stockholders named ever had any interest in the corporation. Judgment of the trial court was against plaintiff, upholding the validity of the alleged "use restriction" contained in his deed and sustaining the validity and applicability of the zoning ordinance as applied to Brehmer's property, and he has appealed.

The appeal is predicated upon nine points, which present two main contentions, first, appellant contends that the court erred in holding that the language in his deed under which he holds title, amounts to a restricting covenant which can be enforced by other property owners in the subdivision who are not in privity of estate, as against him. Second, appellant contends that the court erred in holding valid and enforceable, against him and the property in question, the zoning ordinance of the City Council of the City of Kerrville, under existing circumstances.

Appellees have filed no brief in this case, hence we must accept as true the statements of fact made by appellant. Rule 419, Texas Rules of Civil Procedure; Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77; Rancher v. Franks, Tex.Civ.App., 269 S.W.2d 926; Davis v. Sturdivant, Tex.Civ. App., 306 S.W.2d 386.

Appellant's property is a triangular tract of land, the north boundary thereof extending 250 feet along Lois Street, the west, 175

feet along Woodlawn Street, and the southeast, 300 feet along State Highway No. 27. He acquired this property by deed in 1940 from J. L. Pampell, which deed, among other things, provided: "No part of the property hereinafter described shall be used for business purposes * * *;" and further provided that in the event that appellant or his heirs or assigns should breach or violate any "of the conditions above mentioned * * * the said above described and conveyed property is to revest in Grantor, J. L. Pampell, his heirs and assigns, * * *."

Appellant's property is a part of what is known as Westland Place Addition to the City of Kerrville, lying about one mile west of the courthouse in that City. The addition was divided into 738 lots and the same type and quality of restriction was not placed in the deeds to various purchasers in said ·addition by the original subdividers. The deeds from the original subdividers to purchasers of 481 of said lots contained no restrictions whatever. Highway 27, which bounds appellant's property, is heavily travelled and property, other than appellant's, in Westland Place Addition which lies along said highway, is presently being used for business purposes. Appellant's property, restricted to residence use, does not have a market value exceeding $1,500, but if business use were permitted, it would have a market value of $15,000. The record shows that no general plan or scheme of restriction applicable to said addition was ever filed for record, and further shows that appellant's grantor, J. L. Pampell, has quitclaimed and released to appellant any and all reversionary rights, title and interest in and to appellant's property.

The first question to be determined is whether the appellee interveners, as owners of other lots in Westland Place Addition, are entitled to rely on the restrictive provision contained in appellant's deed.

█ The deed from Pampell to appellant shows on its face that the restriction contained therein was a personal one in favor of Pampell and his heirs and assigns, and unless there was a general scheme or plan for restriction in the addition, the restriction in appellant's deed cannot be relied on by interveners as owners of other lots in the subdivision. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465; Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318. In every case where parties seek to enforce a restrictive covenant, the burden of proof is upon them to establish that the covenant was imposed on the land for the benefit of land owned by them. It is also well settled that in the absence of proof that a restriction was imposed for the benefit of other land, it is construed as a personal covenant merely with the grantor. Davis v. Skipper, supra. See also, Annotation, 21 A.L.R. pp. 1281 et seq.

There is nothing in the deed or otherwise in the evidence, indicating that the parties to appellant's deed intended the covenants for the benefit of other purchasers from a common grantor. On the other hand, it is shown that more than two-thirds of the lots sold in the subdivision were sold, either with no restrictions at all or with other and different restrictions. The reason for this distinction is not shown.

█ We think it is evident from the record that the interveners have failed to establish an easement, equity in, or servitude upon appellant's land in their favor. Davis v. Skipper, supra. The conclusion is, therefore, inescapable that appellant's land is not burdened with any restrictive covenant which is in favor of or enforceable by other lot owners in Westland Place Addition to the City of Kerrville.

We now come to appellant's complaint that the action of the City Council in refusing to re-zone his property from residential to commercial was arbitrary, capricious and unwarranted by the facts.

The trial court found that at the time the City of Kerrville enacted its zoning ordinance on April 26, 1946, all properties abutting on highways passing through Kerrville were zoned commercial, except the property upon Highway 27 in Westland· Place

Addition; that the present zoning along Highway 27 through said addition is intermittent, residential and commercial; that the City of Kerrville, since the filing of this suit, has reclassified other properties in said addition which lie within 100 feet of appellant's property, from residential to commercial; that the planning and zoning commission of the City unanimously recommended rezoning appellant's property from residential to commercial prior to the council's refusal to rezone; that appellant's property restricted to residential use has a market value of not exceeding $1,500, but if permitted to be used for commercial purposes would have a reasonable market value of $15,000; that property in said addition along Highway 27 is presently being used for commercial purposes. The evidence shows without dispute that the City Council in acting on re-zoning permits, including appellant's application, has been governed by the will of the majority of the people who appeared before the Council, that is, if a majority favored re-zoning the application was granted, but if a majority opposed re-zoning it was denied. The trial court found that the Council's action, at least in part, was based upon this consideration. The evidence also shows that appellant's property, which is a small triangle bounded by two streets and a busy highway, is highly desirable for commercial purposes, but is unsuited for residential use.

■ It is settled law of this State that cities can establish zoning districts under the police power to safeguard the health, comfort and general welfare of their citizens; that this power, however, is not an arbitrary one, hence our courts must determine whether zoning ordinances constitute a reasonable exercise of such power. City of Corpus Christi v. Allen, 152 Tex. 137, 254 S.W.2d 759; Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038.

■ The inquiry of this Court is directed to the question as to whether or not the action of the City Council constitutes a reasonable exercise of its police power. Although the property may be suited for commercial purposes, that fact alone cannot prevent the city from establishing reasonable zoning classifications, provided the power to do so in the particular instance is based upon the promotion of the general welfare. On the other hand, it is not within the power of any municipal body to make classifications that are unreasonable, capricious or arbitrary. In each case the problem resolves into a weighing of the equities. Every owner has the right to use his property in his own way, and for his own purposes, subject only to the restraint necessary to secure the common welfare. This right existed before the adoption of the Constitution and is guaranteed by that instrument. The exercise of the police power as against that right is valid only when it bears a reasonable relation to the public health, comfort, morals, safety and general welfare.

■ It conclusively appears from the evidence in this case that appellant's property is in the vicinity of other property along Highway 27 being used for business purposes; that no detriment to the health, morals, safety or general welfare will occur; that the only complaint made by property owners in the neighborhood is that it might increase traffic on this already busy thoroughfare. Appellant's property, as found by the trial court, is practically valueless as residential property, but highly desirable and valuable for commercial use. We think, under such circumstances, the action of the City Council in restricting appellant's property to residential use was unwarranted. Moreover, the City Council in basing its action on the wishes of a majority of the citizens appearing in favor of or in opposition to the matter before the Council, under the facts and circumstances here presented, shows in itself a failure to exercise that sound judgment and discretion required in such cases. City of Dallas v. Urbish, Tex.Civ.App., 252 S.W. 258.

The judgment of the trial court is reversed and judgment here rendered declar-

ing that the restriction contained in appellant's deed is not a restrictive covenant in favor of other property owners in Westland Place Addition, and that the action of the City Council of the City of Kerrville in zoning appellant's property as residential is invalid and cannot be enforced as against appellant's property.