William B. Lawless, J.
This is an application under article 78 of the Civil Practice Act for an order directing respondents, constituting the Town Board of the Town of Newfane, to issue forthwith a license to the petitioner permitting it to maintain not more than 50 trailers on its trailer camp located in the township. There are presently 10 trailers on the premises under a nonconforming use.
Petitioner asserts that on the 14th day of May, 1958, the Appellate Division, Fourth Judicial Department, entered an order affirming the judgment of the Supreme Court (Fishes, J.), dismissing the complaint of the Town of Newfane, which sought to permanently enjoin petitioner herein from using certain premises in the Town of Newfane as a trailer camp. (6 A D 2d 755.) In the prior action by the town, this court held that Fairmeadows Mobile Village, Inc., had acquired a nonconforming use to create a trailer camp inasmuch as the property was acquired, and certain work to convert the property to a trailer camp was completed prior to the enactment of the town ordinance on April 17, 1956. At the time of the previous action, petitioner herein was in the process of locating 10 trailers in the camp. It is not disputed that a portion of the trailer camp has been continuously used for that purpose since that *144 time although not more than 10 trailers have been situated thereon at any given time.
On July 25, 1960, petitioner herein applied to the Town of Newfane for the issuance of a license in accordance with the provisions of Town Ordinance No. 3 to locate an additional 40 trailers on the premises in question. Attached to the application was a complete plan showing the location of the property, the layout of the trailer camp, the area to be used, including roadways, and other pertinent information. Petitioner claimed in its application to the town that the trailer camp was established prior to the enactment of the zoning ordinances otherwise required and that by order of the Supreme Court dated January 31,1957 the township was refused the right to interfere with the operation of the property as a trailer camp.
Thereafter and under date of October 19, 1960, the Town Clerk of the Town of Newfane advised petitioner herein that the Town of Newfane had denied a license for the additional trailers. In his letter of notification, the Town Clerk stated that the position of the Town Board was that under section 10 of article X of the zoning ordinances of the town, construction of the proposed camp, which was planned at the time of the litigation, was not completed within the period of one year after the zoning ordinance took effect, and accordingly, new additions or changes could not be made without compliance with the said zoning ordinance. It provides: “ article x. section 10. application to structures under construction: Structures
now under construction to a point where work has been started on foundation walls for a designated non-conforming use may be completed according to the present plans therefor, within the period of one year after this ordinance takes effect for the designated use to be made thereof.”
In its answer to the petition herein, respondents raised defenses to granting the license in addition to the earlier statement of the town that it was denied because of article X, section 10. They now claim that article IV, section 1 (Application of Regulation), article X, section 6 (Abandonment of Nonconforming Use) and article X, section 14 (Trailer) authorize the denial of the license.
With respect to the town’s argument that petitioner has violated article X, section 10, of the zoning ordinances, we are not persuaded that the word “ structure ” applies to trailers or trailer camps. It obviously applies to a building of permanent character. It is common knowledge that trailers are not usually supported by foundation walls but generally rest upon wheels and are mobile.
*145 The town contends that the restrictions contained in the town zoning ordinances against expansion or enlargement of nonconforming uses are valid and should be upheld. It claims that by petitioner’s failure to complete the proposed trailer installation within one year, the right to expand the nonconforming use has been lost. The town assumes that the addition of trailers constitutes at law an expansion of the use. With this assumption we cannot agree.
Although it is the public policy of this State to discourage nonconforming uses, to restrict their expansion and to interpret ordinances with a view to their early termination, we are convinced that the original nonconforming use included the entire land area in question.
Justice Fisher made specific findings of fact and conclusions of law under date of March 5, 1957 and those findings having been confirmed by the Appellate Division constitute the facts in this case. It is interesting to note that in none of the findings of fact was any reference made to any specific number of vehicles that were to use the property in question. In its opinion, the court continuously referred to the area as a “trailer camp”. Finding 13 is of particular interest in that it finds that the petitioner herein ‘ ‘ acquired a vested right to use said premises as a trailer camp”. We interpret this finding to mean “all of the premises ”.
We are also persuaded that the township is in this proceeding attempting to relitigate a question already decided by this court. It is well settled that a fact once decided in an earlier suit is conclusively established between the parties or their privies in a later suit. (Hinchey v. Sellers, 7 N Y 2d 287.) We believe that finding 13 by Justice Fisher encompasses the entire trailer camp and, therefore, his finding, as affirmed, has become the fact of this case as a matter of law.
Reduced to its simplest form, the town is contending that to grant the license for 40 additional trailers is to enlarge the nonconforming use which now permits petitioner to use the area for 10 trailers. It is important that the area of real estate is today the same area which existed prior to the ordinance. Also the proposed use is the same as the prior use.
The general rule is that an increase in volume of business alone is not an expansion of a nonconforming use, if in essence the business is the same. (See Yokley, Zoning Law and Practice [2d ed.], vol. 1, § 152; City of Syracuse v. Bronner, 133 N. Y. S. 2d 153 [1953].) In People v. Perkins (282 N. Y. 329), the Court of Appeals unanimously held that the defendant was doing no more than continuing the permitted nonconforming *146 use although his business increased considerably in volume. The test applied by the court was whether the business conducted was the same business in character as that operated before the ordinance was adopted. Of course the rule would not apply where, after the ordinance became effective, the owner acquired additional adjoining tracts to expand a trailer camp. (Jensen’s, Inc., v. Town of Plainville, 146 Conn. 311 [1959]. See, also, New York Trap Rock Corp. v. Town of Clarkstown, 3 N Y 2d 844 [1957]; Nyburg v. Solmson, 205 Md. 150; Ann. 46 A. L. R. 2d 1059.) McQuillin summarizes it: “ Moreover, the view has been taken that it is not essential that a nonconforming use exercised at the time a zoning ordinance is enacted should have embraced an entire tract in order to entitle an owner to subsequently employ it all for the use. To so hold would deprive owners of the use of their property as effectively as if the ordinance had been completely prohibitive of all use.” (8 McQuillin, Municipal Corporations [3d ed.], § 25.208, p. 521; De Felice v. Zoning Bd. of Appeals, 130 Conn. 156; Cheswick Borough v. Bechman, 352 Pa. 79; President & Trustees of Vil. of Ossining v. Meredith, 190 Misc. 142; Town of Somers v. Comarco, 308 N. Y. 537 [1955].)
Certainly, under the police power, the Town of Newfane may prescribe conditions under which the land is used as a trailer camp, such as sanitary regulations and the requirement for water supply and sewage disposal. However, a nonconforming use in existence when a zoning ordinance is enacted is constitutionally protected and will be permitted to continue, notwithstanding contrary provisions of an ordinance. (People v. Miller, 304 N. Y. 105 [1952].)
It is true that in Breed v. Town of Clay (21 Misc 2d 856) the court held that the extension of an auto junk yard from 1% acres to approximately 7 acres was prohibited by a local ordinance as an extension of a nonconforming use. However, that case is clearly distinguishable from the facts presented in this case. In the Breed case, the land was primarily used for farming purposes and when the nonconforming use for the junk yard was created, only a small portion of the farm was used for junk purposes. The court pointed out at page 859 of its decision: “ there is no proof that at the time the ordinance was enacted that the (owner) contemplated the use of the 14 acres * * * for an auto-junk yard. ’ ’ In the case before us, it is apparent that the entire acreage was purchased to be used as a trailer camp prior to the time the ordinance was enacted. Although only 10 trailers were moved upon the premises at and after the enactment, the present application to increase the limit of trailers to *147 50 does not enlarge the nature of the use but merely increases the volume of the use. Our New York courts have uniformly held that where the purpose of the use varies, it is illegal, as where the proprietor of a snack bar operated a nonconforming use and thereafter obtained a beer license and sold beer, the sale of the beer constituted an unlawful extension of the prior use. (Town of Onondaga v. Hubbell, 19 Misc 2d 999.)
We further hold that there has been no abandonment of the nonconforming use in this case. The fact that 10 trailers have been on the premises continues the use created prior to the enactment of the ordinance. The abandonment of a nonconforming use must be complete and absolute. (City of Syracuse v. Bronner, supra; City of Binghamton v. Cartell, 275 App. Div. 457; Rathkopf, Law of Zoning and Planning [2d ed.], § 26.)
For the reasons enumerated herein, the petition is granted and the Town of Newfane is directed to issue a license for the use of the premises in question, provided the petitioner otherwise complies with the health, space, sanitation and other ordinances prescribed for the general welfare.