**CITY OF CARTHAGE, Texas, et al.,**
**Appellants,**

**v.**

**Bud ALLUMS et al., Appellees.**

**No. 213.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 20, 1966.

Rehearing Denied Feb. 10, 1966.

Tom Bankhead, Bankhead & Davis, Carthage, for appellants.

J. E. Jackson, Carthage, for appellees.

MOORE, Justice.

This is an appeal from a temporary injunction restraining appellants, City of Carthage and its building inspector, John A. Mills, from enforcing the provisions of a zoning ordinance and also restraining the prosecution of criminal proceedings in the enforcement thereof. Bud Allums, as plaintiff, brought this action against the city alleging that he was the owner of a building situated in the City of Carthage which was being used by him and his partner, Fred Whitaker, for the lawful purpose of conducting a slaughterhouse and meat packing

business thereon. He alleged that for more than ten years prior to the time of the filing of this suit, he and his lessees had continuously used the building and surrounding premises as a meat market and a slaughterhouse; that in April, May or June of 1961, the city adopted "The City of Carthage Zoning Ordinance" which classified the area in which his meat market and slaughterhouse was situated as a one-family residential area, but that his property was exempt from the provisions of the ordinance because Article VI thereof provided for a continuation of any existing use then being made of the property as a lawful "non-conforming" use. His petition further alleges that despite the fact that the premises had been used continuously as a meat market and slaughterhouse for a period of more than ten years prior to this suit, the city building inspector had ordered such use discontinued and had filed a criminal complaint against one of his employees charging that the operation of the slaughterhouse was unlawful and in violation of the ordinance. The petition further alleges that unless the city is restrained, irreparable loss and injury will result to the business.

The "non-conforming uses" are provided for in Section 1 of Article VI of the ordinance as follows:

"Any non-conforming use of land or structures may be continued for definite periods of time, subject to such regulations as the Zoning Board of Adjustment may require for immediate preservation of the adjoining property and the ultimate removal of the non-conforming use. If, however, a continuous operation is not carried on in such non-conforming use during a continuous period of one (1) year, the building other structure or tract of land where non-conforming use previously existed shall thereafter be occupied and used only for a conforming use. Intent to resume active operation shall not affect the foregoing."

Section 1 of Article VIII provides for appeal to a Board of Adjustment as follows:

"Appeals may be taken to and before the Board of Adjustment by any person aggrieved, or by any officer, department, board or bureau of the City. Such appeal shall be taken by filing with the office of the Board, a notice of appeal and specifying the grounds thereof. * * *"

Article XI prescribes a penalty for non-compliance, punishable by a fine of not more than $200.00 for each day the violation is permitted to exist.

It is without dispute that the appellees failed to appeal the order of the building inspector to the Board of Adjustment.

The City of Carthage answered with a plea to the jurisdiction alleging that the court was without jurisdiction because appellees had failed to exhaust their legal remedy by way of an appeal to the Board of Adjustment. The city further alleged that if the appellees' property was ever subject to the non-conforming use provisions, such use had been abandoned for a period of more than one year and therefore the injunction should be denied.

After a hearing the court granted a temporary injunction, enjoining the enforcement of the ordinance and also enjoining the city from prosecuting criminal complaints in connection therewith. The City of Carthage has perfected this appeal and seeks a reversal based upon 4 Points of Error.

■ Generally speaking, a non-conforming use existing at the time a zoning ordinance goes into effect cannot be prohibited or restricted by statute or ordinance where it is a lawful business or use of property and is not a public nuisance or harmful in any way to the public health, safety, morals or welfare. If, when a zoning ordinance was adopted, the premises were used for a non-conforming use, one

is within his rights in continuing that use. A zoning ordinance cannot deprive the owner of the use to which the property was put before the enactment of the ordinance. Ordinarily it is essential to the right to a non-conforming use within a zoned district that the use be commenced before the zoning restriction in question was imposed in the district, and that it existed when zoning or the restriction became effective. The test is that the use must be the same before and after the zoning restriction becomes effective. The non-conforming use must be the continuance of the same use and not some other kind of use. In accordance with the foregoing discussion, a non-conforming use will not be recognized in the absence of sufficient evidence to prove it was in existence at the time the ordinance was enacted and that it has continued in existence. But where there is ample evidence to support a conclusion that a present use is a continuation of a use existing at the time of the enactment of a zoning ordinance, the present use cannot be interfered with by zoning authorities.

■ Existing non-conforming businesses in a zoning area must be permitted to continue to do business as they had existed prior to any zoning ordinance. Any attempt to eradicate such business is regarded as a misuse of the police power of a state and is unreasonable and unconstitutional as a taking of private property without compensation and without due process of law. McQuillian on Municipal Corporations, 3d Edition, Vol. 8, pp. 363–364, 371–373; Allen v. City of Corpus Christi, 247 S.W.2d 130, (Tex.Civ.App.) ; City of Corpus Christi v. Allen, 152 Tex. 137, 254 S.W.2d 759.

■ In its first two Points of Error the city contends that the trial court was in error in overruling its plea to the jurisdiction because it was shown without dispute that the appellees had not first exhausted their legal remedies by appealing the order of the building inspector to the Board of Adjustment, as provided for in the ordinance. These points are without merit and are accordingly overruled.

In 63 Texas Jurisprudence 2d, (Zoning) pp. 980, 981, it is stated:

"Where the enforcement of a zoning ordinance or regulation causes irreparable damage to a person's property rights, he may attack the constitutionality of the ordinance or regulation as it relates to his particular property by an action to enjoin its enforcement and to restrain the zoning authorities from interfering with his use of the property, or from prosecuting criminal proceedings against him for alleged violation of the enactment, or threatening to institute criminal proceedings. This he may do though the general validity of the enactment is unquestioned, if its application to his property results in unwarranted interference with constitutional rights. * * * *"

■ The matter of whether or not there was a non-conforming use in existence at the time of the adoption of the ordinance and whether such use had been continuous are questions of fact.

As hereinabove noted, Section 1 of Article VIII of the ordinance grants a right of appeal to the Board of Adjustment from the order of the building inspector refusing to issue a permit. This right, however, avails the appellees nothing since the undisputed evidence shows that the city was threatening to enforce the penalties by the prosecution of criminal complaints. Cabell's, Incorporated v. City of Nacogdoches, (Tex. Civ.App.) 288 S.W.2d 154.

The enforcement or threatened enforcement of the zoning enactment by criminal process constitutes irreparable injury in that it would result not only in the destruction of appellees' business, but also the loss of the potential right of the non-conforming use. Where the city undertakes to summarily enforce the ordinance by invoking the penal provisions, an appeal to the Board of Adjustment is not sufficient to prevent the immediate destruction of appellees' property rights. In order to protect such

property rights, due process would require a judicial determination of the question of non-conforming use. Appellees' property rights will depend upon a determination of those facts upon a final hearing.

In Point 3 the city contends that the court erred in granting the temporary injunction because the undisputed evidence shows that on the date of the adoption of the ordinance, the premises were not then being used as a slaughterhouse and therefore the non-conforming use provision found in Article VI thereof does not apply. In the alternative, it is contended that the undisputed evidence shows that even though a non-conforming use existed, appellees abandoned such use for more than one year and a revival thereof not being permitted, the present use as a slaughterhouse constitutes a violation.

In the City of Amarillo v. Garwood, Tex. Civ.App., 63 S.W.2d 888, the court states the law applicable in regard to the temporary injunction as follows:

"We are passing here only on the action of the trial court in issuing the temporary injunction pending a full and final hearing. The propriety of his action will be 'determined from the probability of right and the probability of injury thereto if the injunction be not granted, as shown by the pleadings and evidence addressed to those questions. The substantive rights of the parties are not necessarily nor usually determined upon an application for a temporary injunction.' 24 Tex.Jur. p. 179. The trial court having entered a judgment after hearing, it is our duty to sustain his action if there appears in the record here a sufficient showing of a right in appellees to be protected and a threatened impairment or destruction of that right pending a final hearing and these need not be established with absolute certainty on application for temporary injunction. Rosenfield v. Seifert, (Tex.Civ.App.) 270 S.W. 220. The courts have some discretion in mat-

ters of this character. 24 Tex.Jur. § 211."

■ The question before us is whether the trial court abused its discretion in entering the temporary order restraining enforcement of the ordinance. In granting appellees the relief as prayed for, the trial court, by implication, found and concluded that there was at least a probability that the non-conforming use existed at the time of the adoption of the ordinance and such use had been continuous.

The city contends that such implied findings are not supported by evidence. While the evidence upon the question is conflicting, when viewed in a light most favorable to the appellees, we think the implied findings have support in the testimony and are therefore sufficient to support the exercise of discretion. Huston v. Throckmorton County, (Tex.Civ.App.) 215 S.W.2d 387.

■ On appeal from an order for temporary injunction, the scope of review is limited to the narrow question of whether the trial judge abused his discretion. The evidence will be reviewed only to see if it supports the court's exercise of discretion, and if the evidence is conflicting, the order will not be reversed if there is evidence to support it. 31 Tex.Jur.2d, par. 224, pages 348, 349; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589.

By the final Point of Error, the city contends that the operation of the slaughterhouse amounts to a nuisance per se because of yet another ordinance passed by the city in 1930 declaring that a slaughterhouse is a nuisance when located within 600 feet of a private residence unless the city council first determined that such would not disturb or endanger the comfort of those living within the area. By way of a cross action the city sought to enjoin the violation of the ordinance and now contends that the operation of the slaughterhouse was not only a nuisance per se, but that it was also shown to be a nuisance as a matter of fact.

 It seems to be universally accepted that a municipal corporation which is empowered to declare what shall be a nuisance is not thereby authorized to declare that to be a nuisance which is not so in fact. Things which may or may not be nuisances when their character in this respect depends upon circumstances cannot be so declared in advance. McQuillian on Municipal Corporations, Vol. 7, Section 24.66, citing cases.

The Supreme Court of this state in the case of City of Texarkana v. Reagan, 112 Tex. 317, 247 S.W. 816, stated the rule as follows:

"* * * neither the Legislature nor the city council can by a declaration make that a nuisance which is not in fact a nuisance; and the question as to whether or not the building here involved was a nuisance was a justiciable question, determinable alone by the court or jury trying the case. * *"

 The ordinance makes final the determination of the city council on the question as to whether or not the slaughterhouse is a nuisance. This the city council was without authority to do and the ordinance therefore, insofar as it makes final the orders of the city council declaring the same to be a nuisance and ordering its summary abatement, is void.

 The operation of a slaughterhouse is a necessary and useful business and when operated in a manner not harmful to the public health and general welfare of those living within the area, would not constitute a nuisance. McQuillian on Municipal Corporations, Vol. 7, Section 24.313.

 As to whether the slaughterhouse in question was operated in such a manner as to create a nuisance was a question of fact to be decided by the court. The evidence in this regard was conflicting and therefore by ruling in favor of the appellees, the trial court, by implication, found as a matter of fact, that the operation of the slaughterhouse did not constitute a nui-

sance. We think this finding has support in the testimony. It supports the court's discretion and therefore, the order will not be disturbed on appeal. Huston v. Throckmorton County, supra.

The judgment of the trial court is affirmed.