**CITY OF SILSBEE, Texas, Appellant,**

v.

**Fred HERRON et ux., Appellees.**

**No. 7349.**

Court of Civil Appeals of Texas, Beaumont.

June 29, 1972.

Rehearing Denied Aug. 31, 1972.

Lee Roger Ratliff, Silsbee, for appellant.

H. A. Coe, Jr., Kountze, for appellees.

DIES, Chief Justice.

Plaintiffs below, owners of some three acres of land in the City of Silsbee, sought and received a building permit from defendant City to construct a "trailer park" on said tract. Plans and specifications proposed the use of substantially all of the tract to include concrete slab foundations for some twenty or more mobile homes. Some two hours after issuing the building permit, the City cancelled it. At the time of the issuance of the building permit, there was in existence an ordinance requiring a license to construct a trailer park in the City of Silsbee. It is undisputed that plaintiffs (the parties herein will be referred to as they were below) had no license under this ordinance to carry out their plans. Following cancellation of the building permit, plaintiffs filed suit in the District Court of Hardin County against the City of Silsbee under Art. 2524–1, Vernon's Ann.Civ.St. (Uniform Declaratory Judgments Act), seeking clarification of their rights and also injunctive relief to compel the City to permit construction of the proposed endeavor. Defendant City filed a cross action to enjoin plaintiffs from constructing the trailer park. Trial was had to the court without a jury following which judgment was entered for plaintiffs, among other things, perpetually enjoining City of Silsbee, "its Officials, Agents, Employees, Representatives and Servants" from the following:

"1. In failing and refusing to immediately issue Plaintiffs a building permit to construct the improvements set out in the Plans and Specifications therefor which were submitted to Defendant, and

its officials, and which were introduced into evidence, excepting only a drive inn grocery store, which is shown on said Plans and Specifications, but which shall not be constructed and no building permit shall be issued to construct said grocery store.

"2. From revoking or attempting to revoke said building permit.

"3. From failing and refusing to issue Plaintiffs a license to operate a trailer park, and/or mobile home park on said three acre tract of land, and from failing and refusing to permit Plaintiffs to intensify the use of said three acre tract, or to increase the volume of business of a trailer park and/or mobile home park on said three acre tract in any manner.

"4. Plaintiffs herein are also enjoined from proceeding with such construction until Defendants time to appeal this case has expired and no appeal has been perfected, however, Plaintiffs may hook up what trailers there are on the date of this judgment, on said three acre tract to the needed utilities."

The ordinance requiring a license for a trailer park has since been replaced by a zoning ordinance which prohibits the intended use of this property without authority from the City.

The question involved here for determination is whether plaintiffs had an existing non-conforming use prior to the ordinances referred to above. It is undisputed that prior to either of these ordinances, the mother-in-law of plaintiff Fred Herron was living on this property in a trailer home which was being serviced by city utilities. This trailer was purchased with the mother-in-law's money, the utilities were paid by her, and she paid no rental to plaintiffs. Another trailer was on this tract but it was unoccupied and not connected to water, electricity or sewer. The plaintiffs' home is also situated on this tract.

As a general rule, a zoning ordinance cannot prohibit a non-conforming prior use of the property where such use is legal, not a nuisance, or harmful to health, safety, morals or welfare. City of Carthage v. Allums, 398 S.W.2d 799, 801 (Tex.Civ. App., Tyler, 1966, no writ); Allen v. City of Corpus Christi, 247 S.W.2d 130 (Tex. Civ.App., San Antonio, 1952, 152 Tex. 137, 254 S.W.2d 759). This was held to be protected by Art. 1, Sec. 17 of the Constitution of Texas, Vernon's Ann.St., by the Supreme Court of Texas in affirming the *Allen* Case. City of Corpus Christi v. Allen, 152 Tex. 137, 254 S.W.2d 759, 761 (1953). See also McQuillin on Municipal Corporations, (3rd Ed. 1965 Rev.), Vol. 8, § 25.129, pp. 363–364; § 25.130, pp. 371–373; Brown v. Grant, 2 S.W.2d 285 (Tex. Civ.App., San Antonio, 1928, no writ); and Town of Highland Park v. Marshall, 235 S.W.2d 658 (Tex.Civ.App., Dallas, 1950, error ref. n. r. e.).

The test is that the use must be the same before and after the zoning restriction becomes effective. City of Carthage v. Allums, supra, 398 S.W.2d at p. 802. This use must be actual, not contemplated. Caruthers v. Board of Adjustment, 290 S.W.2d 340, 347 (Tex.Civ.App., Galveston, 1956, no writ); Meserole v. Board of Adjustment, City of Dallas, 172 S.W.2d 528, 531 (Tex.Civ.App., Dallas, 1943, no writ). The fact that the ordinance is passed after an application is filed is not necessarily fatal. McClain v. City of Ennis, 340 S.W.2d 66 (Tex.Civ.App., Waco, 1960, no writ). Mere preparation for use of property before adoption of a zoning ordinance is not enough to show a devotion of the property to that use. Biddle v. Board of Adjustment, 316 S.W.2d 437, 441 (Tex. Civ.App., Houston, 1958, error ref. n. r. e.). However, beginning construction before passage of an ordinance may be sufficient non-conforming use. Gala Homes, Inc. v. Board of Adjust. of City of Killeen, 405 S.W.2d 165 (Tex.Civ.App., Austin, 1966, error ref. n. r. e.). Certain construction changes or increases have been permitted where the basic use is not changed. Zoning Board of Adjustment v. Lawrence, 309 S.W.2d 883 (Tex.Civ.App., Fort Worth,

1958, error ref. n. r. e.); City of Wichita Falls v. Evans, 410 S.W.2d 311 (Tex.Civ. App., Fort Worth, 1966, no writ).

◼ Perhaps the most understandable and easily applied test is that an existing use should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose. Huguley v. Board of Adjustment of City of Dallas, 341 S.W.2d 212, 218 (Tex.Civ.App., Dallas, 1960, no writ); Biddle v. Board of Adjustment, supra; and Caruthers v. Board of Adjustment, supra.

◼ Would the neighborhood, from the facts here, conclude that this property was being employed as a trailer park? We think not. At most, it was property on which two trailers were parked. It was plaintiffs' homesite. The only occupied trailer was occupied by plaintiff's mother-in-law who was its owner, paid the utilities thereon, and paid no rental to plaintiffs. We agree that no one of these factors such as the non-payment of rent (as in East-town Twp. v. Auto Parks, Inc., 12 Pa. Dist. & Co.R.2d 33, 87 A.L.R.2d 67) or a proposal to increase its use (as in Fair-meadows Mobile Village, Inc. v. Shaw, 30 Misc.2d 143, 211 N.Y.S.2d 592, and as proposed in Moore v. Bridgewater Twp., 69 N.J.Super. 1, 173 A.2d 430) would not necessarily defeat a prior nonconforming use. They are all factors which determine the character of the use of the property. We are unable to conclude that because a couple have their mother-in-law living in her trailer on their homesite with another unoccupied trailer on the homesite, that the couple have established a trailer park or trailer camp.

The judgment of the trial court is reversed and it is the judgment of this court that the only prior non-conforming use of the property in question is that of the trailer or mobile home occupied by the mother-in-law, Mrs. Pullen.

Reversed and rendered.