In this case any appearance of impropriety may reflect adversely on the federal judiciary as a whole. Canon 1 of the Code of Judicial Conduct states that "[a]n independent and honorable judiciary is indispensable to justice in our society." Canon 2 provides that a judge "should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," and the commentary to that Canon states that he "must avoid all impropriety and appearance of impropriety." We must bear the ultimate responsibility, within the limits of our jurisdiction,[4] for insuring that the federal judiciary adheres scrupulously to these principles of impartial adjudication.

No. 60, Orig. PENNSYLVANIA v. NEW YORK ET AL., 410 U. S. 978;

No. 71–1515. RODOVICH v. UNITED STATES, 409 U. S. 846;

No. 72–921. NEWPORT ASSOCIATES, INC. v. SOLOW, 410 U. S. 931;

No. 72–1015. TRED-AIR OF CALIFORNIA, INC. v. NATIONAL LABOR RELATIONS BOARD, ante, p. 906;

No. 72–1080. PELTZMAN v. AMERICAN RADIO ASSN. ET AL., ante, p. 916;

No. 72–1082. BENNERS, EXECUTRIX v. CITY OF UNIVERSITY PARK, ante, p. 901; and

No. 72–5066. ROSS v. UNITED STATES, 410 U. S. 990. Petitions for rehearing denied.

---

[4] This Court has jurisdiction under 28 U. S. C. § 1257 (3). See District of Columbia Court Reform and Criminal Procedure Act of 1970, supra, § 11–102. Under 28 U. S. C. § 2106, we may vacate the judgment below and "require such further proceedings to be had as may be just under the circumstances."

While four of us would grant certiorari and vacate the judgment, we do not insist on oral argument.