**BOARD OF ADJUSTMENT OF the CITY OF DALLAS, Appellant,**

v.

**B.A. PATEL and Thakor Z. Desai, Appellees.**

No. 07–93–0359–CV.

Court of Appeals of Texas, Amarillo.

Aug. 8, 1994.

Rehearing Denied Sept. 8, 1994.

Office of the City Atty., Robert J. Davis, Jennifer P. Dietze, Dallas, for appellant.

Nichols, Jackson, Kirk & Dillard, H. Louis Nichols, Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Appellant, Board of Adjustment of the City of Dallas (the Board), issued an order terminating the nonconforming use of the Sun Star Motel (the Motel). Appellees, B.A. Patel and Thakor Z. Desai, appealed the Board's decision to the 192nd District Court of Dallas County. The Board now appeals from an adverse summary judgment rendered by the 192nd District Court in favor of Patel and Desai. In two points of error, the Board contends the trial court erred in denying its motion for summary judgment and granting Patel's and Desai's summary judgment motion. We reverse and remand.

Patel purchased the Motel on August 21, 1986. On September 30, 1987, the City of Dallas amended the zoning ordinance pertaining to the property to require a specific use permit for motels with less than 80 rooms. Because the Motel contained approximately 25 rooms and no specific use permit was acquired, it became a nonconforming use. Subsequently, on April 22, 1988, Desai purchased the property from Patel.

Application to terminate the nonconforming use was made by Elijah McGrew. On October 27, 1992, the Board held a public hearing to consider the application. After inspecting the property, hearing testimony, and determining facts, the Board voted unanimously to fix a termination date of April 15, 1993, creating an amortization period of five months and nineteen days.

Thereafter, Patel and Desai filed a petition for writ of certiorari in the 192nd District Court of Dallas County. On appeal to that court, both parties filed motions for summary judgment. Patel and Desai, however, filed no response to the Board's motion. On July 13, 1993, the district court denied the Board's motion and granted Patel's and Desai's mo-tion, setting aside the Board's decision. The trial court then fixed a termination date of April 27, 2012, creating an amortization period of nineteen and one-half years.

As mandated by the Texas Supreme Court, the standards for reviewing motions for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consideration on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). Failure to respond to a motion for summary judgment, however, limits a non-movant's attack on appeal to the legal sufficiency of the grounds expressly presented to the trial court by the movant's motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

In a certiorari proceeding to review the order of a board of adjustment, the only question that may be raised by the petition is the legality of the board's decision. Tex.Local Gov't Code Ann. § 211.011(a) (Vernon 1988); *San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67, 70 (1945). In order to establish that an order of a board of adjustment is illegal, the party attacking the order must present a very clear showing that the board abused its discretion.[1] *San Angelo v. Boehme Bakery,* 190 S.W.2d at 71.

1. Although several courts of appeals have held that board of adjustment decisions should be

The test for abuse of discretion is whether the board of adjustment acted arbitrarily, unreasonably, or without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In determining whether the board of adjustment abused its discretion, the district court can consider the board's verified return along with evidence introduced in the trial court. Tex.Local Gov't Code Ann. § 211.-011(e) (Vernon 1988); *San Angelo v. Boehme Bakery,* 190 S.W.2d at 70. Abuse of discretion is a question of law, and the district court may not substitute its discretion for that of the board of adjustment. *San Angelo v. Boehme Bakery,* 190 S.W.2d at 70.

By its first point of error, the Board contends the trial court erred in overruling its motion for summary judgment. We disagree.

The record shows a major fact issue before the Board was whether Patel or Desai was the current owner of the Motel and whether Desai obtained the property after it became a nonconforming use. In that vein, the Board contends substantial evidence exists to support its decision that Patel sold the property to Desai subsequent to its becoming a nonconforming use, and that Desai, therefore, had no right to an amortization period as a matter of law.

However, section 51–4.704(a)(1) of the Dallas Development Code (the Code), sets forth the guiding rules and principles the Board must follow in fixing a termination date for nonconforming uses. Under that provision, one of the six factors the Board must consider is "[t]he *owner's capital investment* in the structures on the property *at the time the use became nonconforming.*" (Emphasis added). Dallas Development Code § 51–4.704(a)(1)(A).

Contrary to the Board's argument, this provision does not require the Board to consider the current owner's investment in the property. Instead, it provides that the Board should determine the investment, in the property, of the owner at the time the use became nonconforming. Consequently, whether Patel or Desai currently owns the Motel is of no consequence in this appeal because the current owner is entitled to amortize the remainder of the original owner's investment in the property at the time of nonconformity. The determination the Board should have made is how much capital did Patel have invested in the Motel at the time of nonconformity on September 30, 1987. Thus, because the Board failed to correctly follow the guiding rules and principles as set forth in the Code, it abused its discretion, and the trial court did not err in overruling the Board's motion for summary judgment.

Moreover, there is no evidence in the record to support a six month amortization period. In that regard, the Board itself suggests the record supports, at a minimum, a 6.4 year amortization period. Hence, the Board's decision cannot be supported on any other theory. Point one is overruled.

By its second point of error, the Board contends the trial court erred in granting Patel's and Desai's motion for summary judgment. Under this point, the Board contends the evidence furnished by Patel and Desai fails to support a nineteen and one-half year amortization period as a matter of law. We agree.

Under the Code, the Board must consider "[t]he owner's capital investment in the *structures* on the property at the time the use became nonconforming." (Emphasis added). Dallas Development Code § 51–4.704(a)(1)(A). Here, the record shows the nineteen and one-half year amortization period was calculated using a $102,532 land value, which is nonstructural property. Conse-

tested by the substantial evidence rule, *see, e.g., Bd. of Adjustment of Dallas v. Winkles,* 832 S.W.2d 803 (Tex.App.–Dallas 1992, writ denied); *Turcuit v. Galveston,* 658 S.W.2d 832 (Tex.App.– Houston [1st Dist.] 1983, no writ); *Currey v. Kimple,* 577 S.W.2d 508 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *McDonald v. Bd. of*

*Adj., City of San Antonio,* 561 S.W.2d 218 (Tex. Civ.App.–San Antonio 1977, no writ), the Texas Supreme Court has expressly rejected such standard for reviewing board of adjustment decisions. *See Nu–Way Emulsions, Inc. v. City of Dalworthington Gardens,* 617 S.W.2d 188, 189 (Tex.1981).

quently, Patel and Desai failed to establish as a matter of law their entitlement to a nineteen and one-half year amortization period. Point two is sustained.

Accordingly, we reverse the judgment and remand the cause to the trial court for a proper determination of a reasonable amortization period.