COYEL v. CITY OF KENNEDALE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-391-CV

JERRY COYEL APPELLANT

V.

CITY OF KENNEDALE, TEXAS APPELLEES

AND ZONING BOARD OF ADJUSTMENT

OF CITY OF KENNEDALE, TEXAS

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerry Coyel appeals from a summary judgment granted in favor of Appellees City of Kennedale, Texas (the City) and the Zoning Board of Adjustment of the City of Kennedale, Texas (the Board).  In his sole point, Appellant claims that Appellees’ lack of specific criteria for determining whether to grant further discretionary amortization of a nonconforming use of land violates his right to procedural due process  based on article I, section 19 of the Texas Constitution.  We affirm. 

BACKGROUND

On May 27, 1999, the Kennedale city council adopted Ordinance No. 174, which annexed land, including a salvage yard owned by Appellant.  The annexed land was assigned a temporary classification of “R-1,” zoning it as a single-family residential zoning district.  Then, on April 12, 2001, the city council adopted Ordinance No. 210, establishing a permanent zoning classification of “C-1,” a restricted commercial zoning district, for Appellant’s land.  Before the land was annexed, Appellant had leased his land and buildings to Apache Iron, Metal & Auto Salvage, Inc., a Texas corporation of which Appellant is the sole shareholder.  Neither the R-1 nor the C-1 classifications permitted salvage yards; therefore, Appellant’s use of the property did not conform to the city’s zoning regulations and constituted a nonconforming use. In March, 2000, the city council adopted Ordinance No. 187.  According to this ordinance, a nonconforming use was to be automatically discontinued three years from the date it became nonconforming.  As a result, the salvage yard was required to cease operation three years after the land was annexed to the City. 

On February 14, 2005, the city council adopted Ordinance No. 231, which amends sections 17-428(i)(7) and 17-430(e)(11) of the city code to allow a property owner to appeal to the Board for an extension of the initial three-year period upon a showing that the property owner has not yet recouped the owner’s investment in the nonconforming building or use.  Appellant filed an application for the extension of the amortization period.  The City and the Board requested that Appellant provide specific documentation of his investment, and Appellant complied. 

The Board held a hearing on May 28, 2002, to determine whether Appellant was entitled to an extension of the three-year amortization period.  At the hearing, Appellant presented evidence concerning the amount of money that he had invested in the property, including the cost of the land, and the amount of the investment he had  recouped from the property.  The City presented a report prepared by an expert that evaluated Appellant’s investment, excluding Appellant’s purchase costs in the land.  At the hearing, there was no dispute regarding the amount of Appellant’s investment in the land, the improvements to the land, the costs associated with relocating the salvage yard, or the amount of rental income Appellant had received from the salvage yard.  The parties did, however, dispute whether the cost of the land should be included in Appellant’s investment, thereby permitting him to recoup the cost of the land, which would allow for an extension of the amortization period. After hearing the evidence presented, the Board denied Appellant’s application. Appellant filed suit appealing the Board’s decision and seeking a declaratory judgment that the City acted unreasonably in closing the salvage yard.  Appellant alleged, among other things, that the Board’s actions constituted a regulatory taking of his property without due process of law.  The trial court granted Appellees’ summary judgment on Appellant’s due process claim, and this appeal followed. 

DISCUSSION

In his sole point, Appellant contends that the trial court erred by granting Appellees’ motion for summary judgment, because the absence of criteria for determining discretionary further amortization of a nonconforming use violates procedural due process based on article I, section 19 of the Texas Constitution, in that it provides inadequate notice of the controlling factors the Board will consider in making amortization determinations and provides him no notice of the controlling factors to be considered by the Board.  The City argues that the ordinance gives constructive notice of the controlling factors and that Appellant had actual notice of those controlling factors.

The ordinance provisions in question provide as follows:

Any nonconforming building or use of land or building....shall be discontinued three years after the date that the building or use becomes nonconforming. . . .Any owner of such a nonconforming building or use may appeal to the zoning board of adjustment pursuant to section 17-430(e)(11) to allow an extension of the amortization period set forth in this section. . . .

. . . .

[The Board may a]llow the continuance for a specified amount of time of a nonconforming building or use of a building or land for more than the applicable amortization period set forth in. . . Section 17-428(i)(7), upon a showing that the owner has not recouped the owner’s investment in the nonconforming building or use over the applicable amortization period.

Kennedale, Tex., Ordinance 231 (Feb. 14, 2002).

1. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

Proceedings before an administrative board must meet the requirements of due process.  
Lewis v. Metro. Sav. & Loan Ass’n
, 550 S.W.2d 11, 13 (Tex. 1977).  A vague statute or ordinance offends due process by failing to give fair notice of what conduct may be punished and by inviting arbitrary and discriminatory enforcement. 
 See Comm'n for Lawyer Discipline v. Benton
, 980 S.W.2d 425, 437 (Tex. 1998), 
cert. denied
, 526 U.S. 1146 (1999). 

2. Notice of the Controlling Factors

Appellant makes a facial challenge to the ordinance, stating that the ordinance grants discretion to the Board to decide requests for further amortization of nonconforming uses, but fails to provide guidelines or criteria to enable the Board to make reasonable and uniform amortization determinations.  Appellees contend that the ordinance identifies the factors the Board was to consider and use when making its determination as to whether Appellant was entitled an extension of the amortization period and that Appellant was presumed to have notice of the controlling factors.

A duly adopted ordinance is presumed to be valid, and the burden is on one seeking to prevent its enforcement to prove that the ordinance is arbitrary or unreasonable.  
Bd. of Adjustment v. Wende
, 92 S.W.3d 424, 431 (Tex. 2002).  In construing an ordinance, we use the same rules we use when construing a statute.
  Id.
 at 430.  Our objective is to discern the city council’s intent in enacting the ordinance.  
See Fitzgerald v. Advanced Spine Fixation Sys., Inc.
, 996 S.W.2d 864, 865 (Tex. 1999).  To ascertain that intent, we look first to the ordinance’s plain language and give words their ordinary meaning.  
Wende
, 92 S.W.3d at 430
.  
We may also consider other matters such as the: (1) object sought to be attained; (2) circumstances under which the statute or ordinance was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute or ordinance; and (7) title (caption), preamble, and emergency provision.  
See
 
Tex. Gov't Code Ann.
 § 311.023 (Vernon 2005).

Generally, when construing an ordinance, the proper focus is on the city’s own legislative enactments. 
 
Wende
, 
 
92 S.W.3d 
at 431.  However, because the city counsel did not define the phrase “investment in the nonconforming building or use,” we look to the ordinary meanings of these words and to common law to determine the ordinary meaning of the term.  
See Sorokolit v. Rhodes
, 889 S.W.2d 239, 241-42 (Tex. 1994);
 Monsanto Co. v. Cornerstones Mun. Utility Dist.
, 865 S.W.2d 937, 939 (Tex. 1993).  Therefore, we must examine the law existing at the time the ordinance was enacted to determine whether the ordinance sets out the factors the Board is to consider when ruling  on an amortization extension request.

The leading Texas authority on termination of nonconforming uses is 
City of University Park v. Benners
, 485 S.W.2d 773, 777-78 (Tex. 1972), 
appeal dismissed
, 411 U.S. 901, 
and reh’g denied
, 411 U.S. 977 (1973).  Under 
Benners
, “[a] nonconforming use of land or buildings is a use that existed legally when the zoning restriction became effective and has continued to exist.”  
Id.
 at 777.  The supreme court viewed amortization of the investment as the major consideration in determining the reasonableness of the time for allowed for recoupment by stating: 

[T]here is no difference in kind between terminating a land use which pre-dates a zoning change, with allowance for recoupment, and restricting future land uses not presently utilized. The former requires no more than that the property owner be placed in the equivalent position of the latter, i.e., that he be afforded an opportunity to recover his investment in the 
structures 
theretofore placed on the property. 

Benners
, 485 S.W.2d at 779 (emphasis added).  Under 
Benners
, the property owners are placed in an equivalent position by affording them a reasonable opportunity to recoup their investment in any structures placed on the property. 
Id. 
 The 
Benners 
court determined that the property owners were given sufficient time to recoup their investment, after calculating the amount the property owner was entitled to recoup, by deducting the value of the property if cleared of the commercial structures from the amount that had been paid for the property.  
Id.

The Dallas Court of Appeals has considered what factors should be included in determining whether a landowner has recouped the investment in the nonconforming use.  The court examined the language of two Dallas city ordinances that required the owner to have a reasonable opportunity to recoup the “full value of the structure”and the “investment in the nonconforming use.” 
Murmur Corp. v. Bd. of Adjustment
, 718 S.W.2d 790, 795 (Tex. App.—Dallas 1986, writ ref’d n.r.e.).  The court determined that the reasonableness standard requires a reasonable opportunity to recover the owner’s actual investment in the nonconforming structure, rather than the market value or some other measure of “full value” of the structure.  
Id.
 at 795-98.  

The Dallas court determined that the property owner can only recoup the “full value” of the nonconforming structure or the nonconforming use. 
 Bd. of Adjustment v. Winkles
, 832 S.W.2d 803, 806 (Tex. App.—Dallas 1992, writ denied).  The court defined full value of the structure to include the actual dollars invested in the nonconforming structure.  
Id.
  The court defined full value of the nonconforming use to include the costs associated with the removal of a nonconforming structure and establishing the business in another location.
  
Id. 
 The Dallas court has specifically excluded the value of the land in determining whether the landowner recouped the investment in the “nonconforming use,” while including the cost of the equipment used in the business and the demolition costs.  
Neighborhood Comm. on Lead Pollution v. Bd. of Adjustment
, 728 S.W.2d 64, 72 (Tex. App.—Dallas 1987, writ. ref’d n.r.e.).  

The Amarillo court of appeals has also considered the relevant criteria in determining whether an owner has recouped his investment in the nonconforming use.  The Amarillo court construed an ordinance that provided that the Board must consider “[t]he owner's capital investment in the structures on the property at the time the use became nonconforming.”  
Bd. of Adjustment v. Patel
, 882 S.W.2d 87, 89 (Tex. App.—Amarillo 1994, writ denied).  The court determined that it was improper to include the value of the land in calculating the amortization period because land is nonstructural property.  
Id.
 at 89-90.

In 
Lubbock Poster Co. v. City of Lubbock
, the court examined an ordinance allowing recoupment for the “investment in the structures theretofore placed on the property.”  
Lubbock Poster Co. v. City of Lubbock
, 569 S.W.2d 935, 941-42 (Tex. Civ. App.—Amarillo 1978, writ ref’d n.r.e.), 
cert. denied
, 444 U.S. 833 (1979).  The court listed the relevant criteria for determining the reasonableness of the opportunity to recoup as the amount of the initial capital investment in the structures, investment realization as of the effective date of the ordinance, the life expectancy of the investment, and the existence or nonexistence of lease obligations, as well as any contingency clauses therein permitting the early termination of such leases. 
Id.

Appellant relies on 
City of Garland v. Valley Oil Company
 to support his position that Texas case law does not foreclose the use of land acquisition costs as a factor for amortization as part of an investment in a nonconforming use.  482 S.W.2d 342, 345-46 (Tex. Civ. App.—Dallas 1972, writ ref’d n.r.e.), 
cert. denied
, 411 U.S. 933 (1973).  In determining whether an owner has had a reasonable amount of time to recover his investment in the nonconforming use, the Dallas Court of Appeals has considered the cost of the equipment, building, and inventory.  
Id. 
at 345.  The court declined to include the value of the land in the calculation because the owner had purchased the land well after it had been annexed, which seems to support Appellant’s contention that the state of the law is unclear.  
Id.
 at 346.  We do not agree that 
Valley Oil Co
. provides assistance in the case at bar, because the precise language of the ordinance was not set forth in the opinion.  
See id.
 at 345.  Without the text of the ordinance, we cannot determine how the court construed the wording of the ordinance.

Appellant directs us to another case, wherein the Dallas Court of Appeals, in determining the amount of the investment the owner recouped in the nonconforming use, considered the amount of money the owner received as lease payments, which included amounts attributable to the cost of the building as well as the cost of the land.  
City of Dallas v. Fifley
, 359 S.W.2d 177, 183 (Tex. Civ. App.—Dallas 1962, writ. ref’d n.r.e.).  In 
Fifley
, the court construed a statute that required the discontinuance of the nonconforming use under any plan whereby “the full value of the structure” can be amortized within a definite period of time.  
Id.
  The Dallas court stated that the owner had not only completely recouped the investment in the property, but had realized a profit over the period of time constituting the life of the lease agreement on the property.  
Id
.  Without explanation as to its reasoning, the court included the value of the land in determining the total amount the owner had recouped his investment in the property.  
Id.
  However, in a more recent opinion, the Dallas court recognized that it was interpreting the same language as contained in the predecessor ordinance of the City of Dallas, which was discussed in 
Fifley
,  and construed the meaning of a “full value of the structure” to include actual dollars invested in the nonconforming structure.
  Murmer
, 718 S.W.2d at 795. Furthermore, 
Fifley 
was decided prior to 
Benners
, which held that the property owners are placed in an equivalent position by affording them a reasonable opportunity to recoup their investment in any structures placed on the property.  
Benners
, 485 S.W.2d at 779.

The ordinance in the present case specifically provides that the nonconforming use may be extended past the three-year time period “upon a showing that the owner has not recouped the owner’s investment in the nonconforming 
building or use
 over the three-year period.”Kennedale, Tex., Ordinance 231 (Feb. 14, 2002) (emphasis added).  Giving the ordinance’s language its ordinary meaning, we interpret the ordinance to reflect the city counsel’s intent that the Board consider the investment in the nonconforming building or nonconforming use, but not the cost of the land.  

We hold that the summary judgment evidence establishes as a matter of law that the ordinance reflects the relevant criteria the Board would consider at the hearing and by which the Board would measure Appellant’s return on his investment.  Thus, the summary judgment evidence shows that the Board’s decision based on these criteria was not arbitrary.  We hold that the trial court properly granted Appellees’ summary judgment on Appellant’s due process claim.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.  

DIXON W. HOLMAN

JUSTICE

PANEL A:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  January 5, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.