COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-391-CV

 

 

JERRY COYEL                                                                     APPELLANT

 

                                                   V.

 

CITY OF KENNEDALE, TEXAS                                                APPELLEES

AND
ZONING BOARD OF ADJUSTMENT

OF
CITY OF KENNEDALE, TEXAS

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jerry Coyel appeals
from a summary judgment granted in favor of Appellees City of Kennedale, Texas
(the City) and the Zoning Board of Adjustment of the City of Kennedale, Texas
(the Board).  In his sole point,
Appellant claims that Appellees= lack of specific criteria for determining whether to grant further
discretionary amortization of a nonconforming use of land violates his right to
procedural due process  based on article
I, section 19 of the Texas Constitution. 
We affirm. 

BACKGROUND

On May 27, 1999, the
Kennedale city council adopted Ordinance No. 174, which annexed land, including
a salvage yard owned by Appellant.  The
annexed land was assigned a temporary classification of AR-1,@ zoning it
as a single-family residential zoning district. 
Then, on April 12, 2001, the city council adopted Ordinance No. 210,
establishing a permanent zoning classification of AC-1,@ a
restricted commercial zoning district, for Appellant=s land.  Before the land was
annexed, Appellant had leased his land and buildings to Apache Iron, Metal
& Auto Salvage, Inc., a Texas corporation of which Appellant is the sole
shareholder.  Neither the R-1 nor the C-1
classifications permitted salvage yards; therefore, Appellant=s use of the property did not conform to the city=s zoning regulations and constituted a nonconforming use. In March,
2000, the city council adopted Ordinance No. 187.  According to this ordinance, a nonconforming
use was to be automatically discontinued three years from the date it became
nonconforming.  As a result, the salvage
yard was required to cease operation three years after the land was annexed to
the City. 








On February 14, 2005, the
city council adopted Ordinance No. 231, which amends sections 17-428(i)(7) and
17-430(e)(11) of the city code to allow a property owner to appeal to the Board
for an extension of the initial three-year period upon a showing that the
property owner has not yet recouped the owner=s investment in the nonconforming building or use.  Appellant filed an application for the
extension of the amortization period. 
The City and the Board requested that Appellant provide specific
documentation of his investment, and Appellant complied. 








The Board held a hearing on
May 28, 2002, to determine whether Appellant was entitled to an extension of
the three-year amortization period.  At
the hearing, Appellant presented evidence concerning the amount of money that
he had invested in the property, including the cost of the land, and the amount
of the investment he had  recouped from
the property.  The City presented a
report prepared by an expert that evaluated Appellant=s investment, excluding Appellant=s purchase costs in the land. 
At the hearing, there was no dispute regarding the amount of Appellant=s investment in the land, the improvements to the land, the costs
associated with relocating the salvage yard, or the amount of rental income
Appellant had received from the salvage yard. 
The parties did, however, dispute whether the cost of the land should be
included in Appellant=s
investment, thereby permitting him to recoup the cost of the land, which would
allow for an extension of the amortization period. After hearing the evidence
presented, the Board denied Appellant=s application.       Appellant
filed suit appealing the Board=s decision and seeking a declaratory judgment that the City acted
unreasonably in closing the salvage yard. 
Appellant alleged, among other things, that the Board=s actions constituted a regulatory taking of his property without due
process of law.  The trial court granted
Appellees= summary
judgment on Appellant=s due
process claim, and this appeal followed. 

DISCUSSION

In his sole point, Appellant
contends that the trial court erred by granting Appellees= motion for summary judgment, because the absence of criteria for
determining discretionary further amortization of a nonconforming use violates
procedural due process based on article I, section 19 of the Texas
Constitution, in that it provides inadequate notice of the controlling factors
the Board will consider in making amortization determinations and provides him
no notice of the controlling factors to be considered by the Board.  The City argues that the ordinance gives
constructive notice of the controlling factors and that Appellant had actual
notice of those controlling factors.

The ordinance provisions in
question provide as follows:








Any
nonconforming building or use of land or building....shall be discontinued
three years after the date that the building or use becomes nonconforming. . .
.Any owner of such a nonconforming building or use may appeal to the zoning
board of adjustment pursuant to section 17-430(e)(11) to allow an extension of
the amortization period set forth in this section. . . .

 

. . . .

 

[The
Board may a]llow the continuance for a specified amount of time of a
nonconforming building or use of a building or land for more than the
applicable amortization period set forth in. . . Section 17-428(i)(7), upon a
showing that the owner has not recouped the owner=s
investment in the nonconforming building or use over the applicable
amortization period.

 

Kennedale, Tex., Ordinance 231 (Feb. 14, 2002).

1. Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 678.A
defendant who conclusively negates at least one essential element of a cause of
action is entitled to summary judgment on that claim.  IHS Cedars Treatment Ctr. of Desoto, Tex.,
Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact with regard to the element challenged by the
defendant.  Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995).








Proceedings before an
administrative board must meet the requirements of due process.  Lewis v. Metro. Sav. & Loan Ass=n, 550 S.W.2d 11, 13 (Tex. 1977).  A vague statute or ordinance offends due
process by failing to give fair notice of what conduct may be punished and by
inviting arbitrary and discriminatory enforcement.  See Comm'n for Lawyer Discipline v. Benton,
980 S.W.2d 425, 437 (Tex. 1998), cert. denied, 526 U.S. 1146 (1999). 

2. Notice of the Controlling
Factors

Appellant makes a facial
challenge to the ordinance, stating that the ordinance grants discretion to the
Board to decide requests for further amortization of nonconforming uses, but
fails to provide guidelines or criteria to enable the Board to make reasonable
and uniform amortization determinations. 
Appellees contend that the ordinance identifies the factors the Board
was to consider and use when making its determination as to whether Appellant
was entitled an extension of the amortization period and that Appellant was
presumed to have notice of the controlling factors.








A duly adopted ordinance is
presumed to be valid, and the burden is on one seeking to prevent its
enforcement to prove that the ordinance is arbitrary or unreasonable.  Bd. of Adjustment v. Wende, 92 S.W.3d
424, 431 (Tex. 2002).  In construing an
ordinance, we use the same rules we use when construing a statute.  Id. at 430.  Our objective is to discern the city council=s intent in enacting the ordinance. 
See Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d
864, 865 (Tex. 1999).  To ascertain that
intent, we look first to the ordinance=s plain language and give words their ordinary meaning.  Wende, 92 S.W.3d at 430.  We may also consider other matters such as
the: (1) object sought to be attained; (2) circumstances under which the
statute or ordinance was enacted; (3) legislative history; (4) common law or former
statutory provisions, including laws on the same or similar subjects; (5)
consequences of a particular construction; (6) administrative construction of
the statute or ordinance; and (7) title (caption), preamble, and emergency
provision.  See Tex. Gov't Code Ann. ' 311.023 (Vernon 2005).

Generally, when construing an
ordinance, the proper focus is on the city=s own legislative enactments.  Wende,
 92 S.W.3d at 431.  However, because the city counsel did not define
the phrase Ainvestment
in the nonconforming building or use,@ we look to the ordinary meanings of these words and to common law to
determine the ordinary meaning of the term.  See Sorokolit v. Rhodes, 889 S.W.2d
239, 241-42 (Tex. 1994); Monsanto Co. v. Cornerstones Mun. Utility Dist.,
865 S.W.2d 937, 939 (Tex. 1993). 
Therefore, we must examine the law existing at the time the ordinance
was enacted to determine whether the ordinance sets out the factors the Board
is to consider when ruling  on an
amortization extension request.








The leading Texas authority
on termination of nonconforming uses is City of University Park v. Benners,
485 S.W.2d 773, 777‑78 (Tex. 1972), appeal dismissed, 411 U.S.
901, and reh=g denied, 411 U.S. 977 (1973).  Under Benners,
A[a] nonconforming use of land or buildings is a use that existed
legally when the zoning restriction became effective and has continued to
exist.@  Id. at 777.  The supreme court viewed amortization of the
investment as the major consideration in determining the reasonableness of the
time for allowed for recoupment by stating: 

[T]here
is no difference in kind between terminating a land use which pre‑dates a
zoning change, with allowance for recoupment, and restricting future land uses
not presently utilized. The former requires no more than that the property
owner be placed in the equivalent position of the latter, i.e., that he be
afforded an opportunity to recover his investment in the structures theretofore
placed on the property. 

 

Benners, 485
S.W.2d at 779 (emphasis added).  Under Benners,
the property owners are placed in an equivalent position by affording them a
reasonable opportunity to recoup their investment in any structures placed on
the property. Id.  The Benners court
determined that the property owners were given sufficient time to recoup their
investment, after calculating the amount the property owner was entitled to
recoup, by deducting the value of the property if cleared of the commercial
structures from the amount that had been paid for the property.  Id.








The Dallas Court of Appeals
has considered what factors should be included in determining whether a
landowner has recouped the investment in the nonconforming use.  The court examined the language of two Dallas
city ordinances that required the owner to have a reasonable opportunity to
recoup the Afull value
of the structure@and the Ainvestment in the nonconforming use.@ Murmur Corp. v. Bd. of Adjustment, 718 S.W.2d 790, 795 (Tex.
App.CDallas 1986, writ ref=d n.r.e.).  The court determined
that the reasonableness standard requires a reasonable opportunity to recover
the owner=s actual
investment in the nonconforming structure, rather than the market value or some
other measure of Afull value@ of the structure.  Id.
at 795-98.  

The Dallas court determined
that the property owner can only recoup the Afull value@ of the
nonconforming structure or the nonconforming use.  Bd. of Adjustment v. Winkles, 832 S.W.2d
803, 806 (Tex. App.CDallas 1992,
writ denied).  The court defined full
value of the structure to include the actual dollars invested in the
nonconforming structure.  Id.  The court defined full value of the
nonconforming use to include the costs associated with the removal of a
nonconforming structure and establishing the business in another location.  Id.  The Dallas court has specifically excluded the
value of the land in determining whether the landowner recouped the investment
in the Anonconforming use,@ while including the cost of the equipment used in the business and
the demolition costs.  Neighborhood
Comm. on Lead Pollution v. Bd. of Adjustment, 728 S.W.2d 64, 72 (Tex. App.CDallas 1987, writ. ref=d n.r.e.).  








The Amarillo court of appeals
has also considered the relevant criteria in determining whether an owner has
recouped his investment in the nonconforming use.  The Amarillo court construed an ordinance
that provided that the Board must consider A[t]he owner's capital investment in the structures on the property at
the time the use became nonconforming.@  Bd. of Adjustment v. Patel,
882 S.W.2d 87, 89 (Tex. App.CAmarillo 1994, writ denied). 
The court determined that it was improper to include the value of the
land in calculating the amortization period because land is nonstructural
property.  Id. at 89-90.

In Lubbock Poster Co. v.
City of Lubbock, the court examined an ordinance allowing recoupment for
the Ainvestment in the structures theretofore placed on the property.@  Lubbock Poster Co. v. City
of Lubbock, 569 S.W.2d 935, 941-42 (Tex. Civ. App.CAmarillo 1978, writ ref=d n.r.e.), cert. denied, 444 U.S. 833 (1979).  The court listed the relevant criteria for
determining the reasonableness of the opportunity to recoup as the amount of
the initial capital investment in the structures, investment realization as of
the effective date of the ordinance, the life expectancy of the investment, and
the existence or nonexistence of lease obligations, as well as any contingency
clauses therein permitting the early termination of such leases. Id.








Appellant relies on City
of Garland v. Valley Oil Company to support his position that Texas case law
does not foreclose the use of land acquisition costs as a factor for
amortization as part of an investment in a nonconforming use.  482 S.W.2d 342, 345-46 (Tex. Civ. App.CDallas 1972, writ ref=d n.r.e.), cert. denied, 411 U.S. 933 (1973).  In determining whether an owner has had a
reasonable amount of time to recover his investment in the nonconforming use,
the Dallas Court of Appeals has considered the cost of the equipment, building,
and inventory.  Id. at 345.  The court declined to include the value of
the land in the calculation because the owner had purchased the land well after
it had been annexed, which seems to support Appellant=s contention that the state of the law is unclear.  Id. at 346.  We do not agree that Valley Oil Co.
provides assistance in the case at bar, because the precise language of the
ordinance was not set forth in the opinion. 
See id. at 345.  Without
the text of the ordinance, we cannot determine how the court construed the
wording of the ordinance.








Appellant directs us to
another case, wherein the Dallas Court of Appeals, in determining the amount of
the investment the owner recouped in the nonconforming use, considered the
amount of money the owner received as lease payments, which included amounts
attributable to the cost of the building as well as the cost of the land.  City of Dallas v. Fifley, 359 S.W.2d
177, 183 (Tex. Civ. App.CDallas 1962,
writ. ref=d
n.r.e.).  In Fifley, the court
construed a statute that required the discontinuance of the nonconforming use
under any plan whereby Athe full
value of the structure@ can be
amortized within a definite period of time. 
Id.  The Dallas court
stated that the owner had not only completely recouped the investment in the
property, but had realized a profit over the period of time constituting the
life of the lease agreement on the property. 
Id.  Without explanation as
to its reasoning, the court included the value of the land in determining the
total amount the owner had recouped his investment in the property.  Id. 
However, in a more recent opinion, the Dallas court recognized that it
was interpreting the same language as contained in the predecessor ordinance of
the City of Dallas, which was discussed in Fifley,  and construed the meaning of a Afull value of the structure@ to include actual dollars invested in the nonconforming structure.  Murmer, 718 S.W.2d at 795. Furthermore, Fifley
was decided prior to Benners, which held that the property owners
are placed in an equivalent position by affording them a reasonable opportunity
to recoup their investment in any structures placed on the property.  Benners, 485 S.W.2d at 779.








The ordinance in the present
case specifically provides that the nonconforming use may be extended past the
three-year time period Aupon a
showing that the owner has not recouped the owner=s investment in the nonconforming building or use over the
three-year period.@Kennedale,
Tex., Ordinance 231 (Feb. 14, 2002) (emphasis added).  Giving the ordinance=s language its ordinary meaning, we interpret the ordinance to reflect
the city counsel=s intent
that the Board consider the investment in the nonconforming building or
nonconforming use, but not the cost of the land.  

We hold that the summary
judgment evidence establishes as a matter of law that the ordinance reflects
the relevant criteria the Board would consider at the hearing and by which the
Board would measure Appellant=s return on his investment. 
Thus, the summary judgment evidence shows that the Board=s decision based on these criteria was not arbitrary.  We hold that the trial court properly granted
Appellees= summary
judgment on Appellant=s due
process claim.

CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.  

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DELIVERED:  January 5, 2006











[1]See Tex. R. App. P. 47.4.