

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00261-CV

MVP RAIDER PARK GARAGE, LLC, APPELLANT

V.

ZONING BOARD OF ADJUSTMENT OF THE CITY OF LUBBOCK
AND THE CITY OF LUBBOCK, APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2019-537,527-A, Honorable Les Hatch, Presiding

January 12, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In one issue, appellant MVP Raider Park Garage, LLC ("Raider Park") appeals from the trial court's order granting the motion for summary judgment filed by the Zoning Board of Adjustment of the City of Lubbock and the City of Lubbock, appellees. Raider Park asserts that the Board's decision to deny a zoning variance, which was upheld by the trial court, was illegal in whole or in part. We affirm.

Background

Raider Park owns an 11-floor, 1,500-space parking garage near the intersection of University Avenue and the Marsha Sharp Freeway in Lubbock. The facility provides parking for Texas Tech University students and football fans and includes retail and restaurant space. The property is zoned as IHC, or Interstate Highway Commercial, District. Under the City of Lubbock's Code of Ordinances, not more than ten percent of any wall may be devoted to wall signs in IHC districts.

In 2012, the prior owner of the facility, RaiderPark, LP, filed an application with the Board for a variance to the City's sign ordinance. RaiderPark, LP, sought a variance that would allow wall signage covering approximately 35 percent of the structure's surface area on its east, west, and south walls. RaiderPark, LP, emphasized the location and unique features of the parking garage, argued that the variance would not be contrary to the public interest, and provided evidence of support for the variance from local businesses and developers.

The application was discussed at length at a public hearing in September of 2012. The Board ultimately voted to approve the variance request, subject to four conditions: (1) 35 percent of the east, west, and south face of the structure would be eligible for on-premises signs, subject to mounting in accordance with the Building Code, (2) signs or graphics would be limited to graphics for tenants of the building only, and no LED or electronic message signs would be allowed, (3) new signs would be installed on panels the same as or similar to existing sign panels, and (4) "[a]s each sign is installed, a seven year review date shall [be] established for the Zoning Board of Adjustment to review on

2

the 'other business' agenda the progress, taste[,] and effect of the approval of the 35% coverage approved in the original hearing." Of most relevance to the pending dispute is the fourth condition, providing for review by the Board after a seven-year term.

The City issued two sign permits for wall signs on the parking garage in October of 2012. Additional signs were approved in 2017, 2018, and 2019. According to Raider Park, the signage on the west and south sides of the building covers approximately 35 percent of those sides, while signage on the east side of the building covers approximately 15 percent of that side.

In November of 2017, the property was purchased by the current owner. In October of 2019, seven years after their installation, the first two signs were set to be reviewed by the Board. The Board and the City posted the matter on the "other business" section of its regular meeting scheduled for October 17, 2019. Raider Park requested a postponement of the agenda item, but the Board denied its request. The Board reviewed the 2012 variance at its October meeting and, following discussion of the matter, voted to deny the continuation of the variance.

Raider Park commenced this suit by suing the Board and the City in district court, requesting a writ of certiorari to review the Board's decision. *See* TEX. LOC. GOV'T CODE ANN. § 211.011 (permitting judicial review of zoning board decision by petition for writ of certiorari). Both parties moved for summary judgment. After hearing arguments, the trial

court granted the motion filed by the Board and the City, affirming the Board's decision.[1] Raider Park then brought this appeal.

## Standard of Review

In a certiorari proceeding to review an order of a board of adjustment, the district court sits as a court of review and the only issue that may be raised is the legality of the board's decision. *Id.*; *Board of Adjustment of Dallas v. Patel*, 882 S.W.2d 87, 88 (Tex. App.—Amarillo 1994, writ denied). Thus, the reviewing court's role is to determine whether the board abused its discretion. *Patel*, 882 S.W.2d at 88; *City of Lubbock v. Bownds*, 623 S.W.2d 752, 755-56 (Tex. App.—Amarillo 1981, no writ). The party challenging the board's decision "must make a very clear showing that the board abused its discretion, and the board's decision may be reversed only if the facts are such that the board, as fact finder, could have reached only one decision." *Zoning Bd. of Adjustment for the City of Lubbock v. Tri-Star Invs.*, No. 07-96-00052-CV, 1997 Tex. App. LEXIS 3134, at *5 (Tex. App.—Amarillo June 17, 1997, writ denied). A board of adjustment abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Patel*, 882 S.W.2d at 89.

The issue of whether a board of adjustment has clearly abused its discretion is a question of law appropriately determined by summary judgment. *Sw. Paper Stock, Inc. v. Zoning Bd. of Adjustment of the City of Fort Worth*, 980 S.W.2d 802, 806 (Tex. App.—Fort Worth 1998, pet. denied). To prevail on a summary judgment motion, a movant must

---

[1] The trial court severed this judicial review cause of action to make its decision a final and appealable judgment. Raider Park has additional causes of action pending in the district court.

meet its burden to establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 1661(c). In the instant case, we must determine whether the Board established as a matter of law that it did not abuse its discretion; if there was some evidence of substantive and probative character that supported the Board's decision, it did not abuse its discretion and summary judgment was proper. *Sw. Paper Stock*, 980 S.W.2d at 806.

Discussion and Analysis

In this appeal, Raider Park claims there are three ways in which the trial court erred by affirming the Board's denial of the requested variance. First, Raider Park argues that the Board had no legal authority to reconsider the original variance as a "new" application for variance, effectively revoking the 2012 variance. Second, it claims that the Board abused its discretion when it construed the 2012 variance as a temporary variance with a term of years. Finally, Raider Park contends that the Board failed to analyze and apply the law correctly when it reviewed the original variance without any reference to the variance conditions.

The first question we address is whether the Board had authority to reconsider and revoke the 2012 variance. Raider Park argues that neither the Local Government Code nor the City's Code of Ordinances authorize the Board to reconsider the variance or to revoke it once it had been granted. According to Raider Park, the Board improperly substituted a new ruling in 2019 to replace a valid action taken by the Board in 2012. In making this argument, Raider Park overlooks the terms of the variance itself.

5

When the Board granted the requested variance in 2012, it did so "subject to" conditions that were expressly stated on the Board's decision form. *See* TEX. LOC. GOV'T CODE ANN. § 211.009(a)(3) (local board of adjustment may authorize, in specific cases, variance from terms of zoning ordinance if variance is not contrary to public interest and, due to special conditions, literal enforcement of ordinance would result in unnecessary hardship, and so that spirit of ordinance is observed and substantial justice is done). The fourth term was the proviso for a "seven year review date" to allow the Board to review the "progress, taste[,] and effect of the approval."

The written decision of the Board in 2012 provides no further details concerning the nature of the review process. However, the minutes of the Board meeting, which are part of the record before us, reflect Board members' concerns that expanding the signage allowance from ten to 35 percent was a significant increase and that not all Board members desired to be locked into a decision. The chair of the Board suggested adding a three-year review provision, stating, "[I]f this just does not work, we need to have the ability to review it." The property owner assented to this approach and suggested that the timeline for review should be at least five years. After further discussion, the Board settled on a seven-year review period. Board members referred to the variance as "an experiment" that could be reassessed in time, after signs were installed and public reaction was evaluated. By adding the provision for review, the Board created an opportunity to revisit whether 35 percent coverage was "too much"; if the increase was determined to be unworkable, then the Board would be "able to back off." Thus, by its own terms, the variance was not immutable, but was designed to allow the Board to revisit

6

and revise its decision. We therefore conclude that the condition for review gave the Board authority to revoke the variance.

Raider Park claims that although the Board complied with the requirement to post the review in the "other business" agenda, the Board in fact treated the review as a new request for a variance. For example, the Board held a public hearing and received comments on the matter. As set forth above, the 2012 variance did not outline how the review process was to occur, only that the Board was to "review" the "progress, taste[,] and effect" of its approval of the variance. The record from the 2019 hearing reflects that the Board discussed and heard testimony related to the taste and effect of the signs before making its decision that the variance should not continue. We find no abuse of discretion in the Board's approach.

Moreover, the condition for review was never challenged as invalid. When the variance was granted in 2012, neither the property owner nor any other person or entity sought review of the decision or any of the conditions attached to it. Under section 211.011 of the Local Government Code, any person aggrieved by a decision of the Board may present a verified petition for judicial review stating that the Board's decision is illegal in whole or in part. *See* TEX. LOCAL GOV'T CODE ANN. § 211.011 (procedure for judicial review of board decision). The petition must be presented within ten days of the filing of the Board's decision. *Id.* Thus, to the extent Raider Park argues that the seven-year review period imposed on the 2012 variance was not permitted under state or local law, that argument should have been raised at the time the seven-year review period was imposed.

7

We next consider Raider Park's argument that the Board improperly construed the 2012 variance as a temporary variance. Raider Park asserts that the Board "converted the 2012 Variance to a temporary variance with a term of years without any legal authorization." We disagree with Raider Park's characterization of the matter. As set forth above, the 2012 variance was granted subject to certain conditions, which included a provision for review following a seven-year period. That condition was not timely challenged following the 2012 decision. Further, Raider Park points to no authority prohibiting the imposition of such a condition. Meanwhile, Texas case law contains several examples of other zoning boards of adjustment granting variances subject to conditions. *See, e.g., Hagood v. City of Houston Zoning Bd. of Adjustment*, No. 01-98-00916-CV, 2000 Tex. App. LEXIS 3789, at *8-9 (Tex. App.—Houston [1st Dist.] June 8, 2000, no pet.) (variance granted subject to conditions including compliance with landscape plan and use of certain paint color); *Reynolds v. Haws*, 741 S.W.2d 582, 586 (Tex. App.—Fort Worth 1987, writ denied) (variance granted subject to landscape requirements and use of screening fence). Therefore, we find no abuse of discretion in the Board's construction of the 2012 variance.

Finally, we address Raider Park's claim that the Board erred by failing to refer to the conditions of the 2012 variance. The record shows that the Board heard testimony on the signage at issue at the 2019 hearing. This testimony, and related discussion by Board members, involved a review of the taste and effect of the signs, which were the express considerations to be reviewed per the 2012 variance. Thus, we find this argument to be without merit.

Conclusion

We conclude that the record supports the Board's decision to deny the variance. Therefore, we affirm the trial court's judgment granting the motion for summary judgment filed by the Board and the City.


Judy C. Parker
Justice